# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-0082V
### Filed: July 5, 2017
Unpublished

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| D.J., | \* | |
| | \* | |
| Petitioner, | \* | Motion to Redact Decision; |
| | \* | Influenza (Flu) Vaccine; Guillain-Barre |
| v. | \* | Syndrome (GBS); Special Processing |
| | \* | Unit (SPU) |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Nancy R. Meyers, Ward Black Law, Greensboro, NC, for petitioner.*
*Colleen C. Hartley, U.S. Department of Justice, Washington, DC, for respondent.*

## ORDER ON PETITIONER'S MOTIONS TO REDACT[1]

**Dorsey**, Chief Special Master:

On January 14, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,2* (the "Vaccine Act"). Petitioner alleged that he suffered Guillain-Barre Syndrome ("GBS") after receiving the influenza ("flu") vaccine on November 7, 2013. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters. On June 15, 2017, the undersigned issued a ruling on entitlement, finding petitioner entitled to compensation. (ECF No. 36). On June 21, 2017, the undersigned issued a decision awarding petitioner damages based on the respondent's proffer. (ECF No. 40).

On June 28, 2017, petitioner moved to redact the ruling on entitlement and the decision awarding damages. (ECF No. 45). A supplemental motion was filed on June 30, 2017. (ECF No. 46). Specifically, petitioner seeks to have his name redacted to initials due to a concern about the release of his personal medical information having a negative impact on future employment opportunities. *Id.*

---

[1] Because this unpublished order contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

On July 3, 2017, respondent's counsel informed the Court that respondent does not take a position on motions to redact in adult matters and defers to the special master's discretion.  (Informal Communication, docketed July 5, 2017 (Non-PDF)).

Section12(d)(4)(B) of the Vaccine Act, in relevant part, provides that:

A decision of a special master or the court in a proceeding shall be disclosed, except that if the decision is to include information:
> i. which is trade secret or commercial or financial information which is privileged and confidential, or
> ii. which are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy,
and if the person who submitted such information objects to the inclusion of such information in the decision, the decision shall be disclosed without such information.

§ 12(d)(4)(B); *See also* Vaccine Rule 18(b).

In several cases, special masters have declined to redact information, other than changing the name of a minor child to initials.  *See, e.g.*, *Langland v. HHS*, No. 07-36V, 2011 WL 802695 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), affirmed on this point at 109 Fed. Cl. 421, fn. 1 (2013); *Castagna v. HHS*, No. 99-411V, 2011 WL 4348135 (Fed. Cl. Spec Mstr. Aug 25, 2011); *House v. HHS*, No. 99-406V, 2012 WL 402040 (Fed. Cl. Spec. Mstr. Jan. 11, 2012); *Anderson v. HHS*, No. 08-396V, 2014 WL 3294656 (Fed. Cl. Spec. Mstr. June 4, 2014).  However, in *W.C. v. HHS*, 100 Fed. Cl. 440 (Fed. Cl. 2011), the court held that disclosure of a petitioner's name in a decision is not necessary to effectuate the underlying purpose of the Vaccine Act's public disclosure requirements.  In *W.C.*, the court concluded that while disclosure of information linking petitioner to his injury does not necessarily constitute an "*unwarranted* invasion of privacy," "where '[t]here is no relevant public purpose to be weighed against [a] threated invasion[,] . . . *any* invasion of privacy threatened by disclosure . . . is 'clearly unwarranted.'"  *W.C.*, 100 Fed. Cl. at 461 (emphasis original) (quoting *Federal Labor Relations Auth. v. United States Dept. of Veterans Affairs*, 958 F.2d 503, 513 (2d Cir. 1992)).

The undersigned agrees with the rationale expressed in *W.C.*  **Petitioner's motion is therefore <u>GRANTED</u>.**  This order and the public versions of the ruling on entitlement, the decision awarding damages, and respondent's proffer in this case shall be redacted to petitioner's initials, "D.J."

**IT IS SO ORDERED**.

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master